Ms. Paula G. Pumphrey, Director Department of Community Punishment Two Union National Plaza 105 West Capitol Little Rock, AR 72201
Dear Ms. Pumphrey:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the Department of Community Punishment ("DCP") to withhold certain documents from public inspection is consistent with the Arkansas Freedom of Information Act ("FOIA"). Specifically, you have asked whether the records are exempt from public inspection under A.C.A. §25-19-105(c)(1), pertaining to employee evaluation or job performance records.
It is my opinion that those records constituting evaluation or job performance records (see discussion below) which formed a basis for the decision to suspend in this instance must be released to the extent they pertain to the employee whose suspension is final. Thus, in my opinion, the custodian's decision in this instance to withhold the records is, to this extent, inconsistent with the FOIA. It is my opinion that the custodian should, instead, consistent with previous opinions of this office concerning records containing both exempt and nonexempt material, release the records with any information pertaining uniquely to the other employee deleted.
As an initial matter, it is necessary to identify those records submitted with your request which, in my view, constitute employee evaluation or job performance records under § 25-19-105(c)(1). I believe the following records are correctly categorized as job performance records: Memo dated 10-05-97; Statement taken 10-07-97; two suspension letters dated 10-13-97; undated DCP "Chronological Report." With the exception of the suspension letters, all of the above documents were, according to my understanding, created as part of an inquiry into or investigation of alleged misconduct of the employees with regard to a specific incident or incidents. Because they detail the actions of the employees in this regard, these records are, in my opinion, correctly identified as "job performance records." See generally Op. Att'y Gen. Nos. 96-258, 96-257, and 96-033. The suspension letters also fall within the category of evaluation or job performance records, consistent with this office's previous opinions regarding letters of termination or other disciplinary action containing substantive statements of the reason(s) for the disciplinary action. See, e.g., Op. Att'y Gen. Nos. 97-190, 96-258, and 96-342.
It is my opinion that the remaining records do not constitute employee evaluation or job performance records. Whether the records are encompassed within some separate statutory exemption is a matter falling outside the scope of this opinion, to be decided by the records' custodian with the assistance of counsel to whom he or she ordinarily looks for advice.[1]
Regarding release of the records identified above as job performance records, it is my opinion that all three conditions have been met for release of the records as they pertain to the employee whose suspension is final. See A.C.A. § 25-19-105(c)(1). It appears that the suspension decision is final, and you have stated that the records formed a basis for the decision to suspend. With regard to the existence of a "compelling public interest in disclosure" (id.), it is my opinion that the nature of the problem that led to the suspension compels disclosure in this instance where the activities detailed in the records violated administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety. See generally J. Watkins, The Arkansas Freedom of Information Act 135 (2nd ed. 1994) (discussing the "compelling public interest" question).
Because there has been no final administrative resolution of the other employee's suspension, however, the test for releasing that employee's job performance records has not been met. The decision to withhold the suspension letter as to that employee is thus clearly consistent with the FOIA. With regard to the remainder of the records, however, a question arises due to the fact that these records can be viewed as the job performance records of both the employee whose suspension is not final and the other employee as to whom all conditions for release of the records have, as discussed above, been met.
It is my opinion under these circumstances that the records must, nevertheless, be released after deleting information pertaining uniquely to the employee as to whom there has been no final suspension decision. With this deletion, the records may be fairly characterized as the job performance records of only that employee whose suspension is final. While the records could conceivably be linked to the other employee, depending upon the availability of information necessary to make that connection, I do not believe this justifies withholding the records. Segregating exempt portions of a record from nonexempt portions has been viewed as an acceptable means of reconciling nondisclosure and disclosure requirements. See The Arkansas Freedom of Information Act, supra at 79 and, e.g., Op. Att'y Gen. Nos. 95-262 and 93-106. See also Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992) (ordering release of certain personnel records with names of employees deleted based upon the "personal privacy" exemption). In Young v. Rice, the court determined that the "public policy behind the FOIA and the individual's right to privacy" were both protected under this approach. 308 Ark. at 598-599. Similarly, in this instance, I believe the policy considerations require release of the job performance records following deletion of the name of the employee whose suspension is not final and any other information relating solely to that employee. Surely, the legislature did not intend under §25-19-105(c)(1) to protect records that are relevant to job performance deficient enough to warrant suspension simply because the records also contain information pertaining to another employee whose suspension is not final. Unlike the so-called "law enforcement investigation" exemption at issue in Martin v. Musteen, 303 Ark. 656, 699 S.W.2d 540 (1990), no investigation will be compromised by releasing these job performance records. Releasing the records with the deletions noted above will, instead, protect both the public's right to scrutinize the records, i.e., the FOIA's public policy, and the apparent concern under §25-19-105(c)(1) with the premature release of employee evaluation and job performance records. See The Arkansas Freedom of Information Act, supra at 133 (stating that the requirements under § 25-19-105(c)(1) "are designed to ensure that evaluation records are not released prematurely. . . ."
To summarize, therefore, it is my opinion that the decision to withhold those records identified above as job performance records is inconsistent with the FOIA. The job performance records should, instead, be released for public inspection and copying following the deletion of exempt information as outlined above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The possible applicability of a separate, specific exemption should perhaps also be considered with respect to the above records deemed "job performance" records for purposes of this opinion. Again, this is a matter to be determined by the custodian of the records as it falls outside the scope of an opinion issued under § 25-19-105(c)(3)(B).